**Harry W. HAND, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 91–290.**

United States Court of Veterans Appeals.

June 11, 1992.

———

Before FARLEY, Associate Judge.

**MEMORANDUM DECISION**

FARLEY, Associate Judge:

In its decision of June 6, 1990, the Board of Veterans' Appeals (Board or BVA) denied appellant entitlement to an increased rating for appellant's service-connected paranoid schizophrenia, currently evaluated as 50% disabling, and entitlement to a total rating based on individual unemployability. A timely appeal to this Court followed. On November 19, 1991, appellant filed an informal brief. On January 30, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief and for a stay of proceedings pending a ruling. Appellant did not file a response to the motion.

Appellant received a 70% rating for "schizophrenic reaction, paranoid type" in 1960. R. at 3. In 1975, appellant submitted a claim for an increased rating and individual unemployability. R. at 38. Individual unemployability was denied, and upon a finding that appellant's condition no longer warranted a 70% disability rating, appellant's rating was reduced to 50% effective November 1, 1975. R. at 45. The BVA affirmed both determinations. *See Harry W.B. Hand,* BVA Docket 76–11591 (Nov. 16, 1976). Due to a "computer error", however, *Harry W. Hand,* BVA 90–18088, at 2 (June 6, 1990), appellant continued to receive compensation at the 70% rate until the rating reduction was confirmed and adjusted by a rating action effective June 1, 1987. R. at 68. Appellant appealed the 1987 rating decision, asserting his entitlement to an increased rating and individual unemployability. In the BVA decision which is the subject of this appeal, the Board upheld the rating board's denial of increased compensation.

In his informal brief, appellant argues that he had been rated 70% disabled for "about 26½ years", and thus his rating should be "permanent". A rating which has been in effect for 20 years or more is "protected". *See* 38 C.F.R. § 3.951 (1991). As appellant's 70% rating was in fact reduced effective in 1975 and, thus, had been

in effect for only 15 years, the Court holds that appellant is not entitled to a "protected" rating under § 3.951.

In affirming the rating board's denial of an increased rating, the Board determined, as a factual matter that "[t]he overall level of impairment attributable to the veteran's schizophrenia is productive of no more than considerable social and industrial impairment." *Hand*, BVA 90–18088, at 5. Pursuant to the criteria outlined in 38 C.F.R. § 4.132, Diagnostic Code (DC) 9203, "[c]onsiderable impairment of social and industrial adaptability" warrants no greater than a 50% rating. A 70% evaluation requires "active psychotic manifestations ... to produce severe impairment of social and industrial adaptability". Further, the Board determined that appellant's service-connected "psychosis" did not render him unemployable. *Hand*, BVA 90–18088, at 5–6.

Upon consideration of the record, appellant's informal brief, and the Secretary's motion for summary affirmance, it is the holding of the Court that appellant has not demonstrated that the BVA committed either factual or legal error which would warrant reversal. *Gilbert v. Derwinski*, 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City*, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States*, 899 F.2d 3 (Fed.Cir.1990). Summary affirmance is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *Frankel v. Derwinski*, 1 Vet.App. 23 (1990). Accordingly, the Secretary's motion for summary affirmance is granted and the June 6, 1990, decision of the Board of Veterans' Appeals is AFFIRMED.